IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES CARROLL JONES, JR., )<br>)<br>Defendant. )<br>_____) | Case No. 7:20-cr-46 |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRE-ADMIT
EVIDENCE OF THE DEFENDANT'S DIVORCE**

On May 18, 2012, the Montgomery County Circuit Court in Christiansburg, Virginia, ordered the Defendant, James C. Jones, Jr. ("the Defendant"), to pay his ex-wife, Karen, a monetary judgment of $1,405,376 as part of their divorce settlement. The Defendant did not pay his ex-wife this settlement. Despite failing to pay the award to the Defendant's ex-wife as he was ordered to by the court, the exact amount of the monetary judgment found its way onto his 2013 Federal income tax return in the form of a casualty loss, described as a "judgment obtained under fraud on the court," which put his reported taxable income for that year well into the negative. This is but one of the multiple instances in which the Defendant filed a false income tax return with the Internal Revenue Service ("IRS") and one which the United States intends to prove at trial to satisfy its burden of proof under Counts 1, 2, and 3 of the Modified Superseding Indictment. Doc. 114.

The United States, through its undersigned attorneys, respectfully moves this Court for a ruling permitting the United States to introduce evidence of the Defendant's divorce consisting of four documents, Sealed Attachments 3, 4, 5, and 6 filed under seal.[1]

On August 10, 2023, the United States provided a copy of its anticipated exhibit list, along with the approximately 500 exhibits it intends to introduce at trial, to the defense and asked, in exchange, that the defense indicate to which exhibits it planned to object in advance of trial such that the Government could address such objections with the Court by the motions' filing deadline.[2] Pursuant to that agreement, the defense advised that it intends to object to the admission of certain court records related to the Defendant's divorce that the United States plans to introduce at trial on the grounds that their prejudicial effect substantially outweighs their probative value under Federal Rule of Evidence 403.[3] The United States takes the opposite position and urges the Court to find that such evidence is relevant to the Defendant's guilt and that the probative value of that evidence is not substantially outweighed by its prejudicial effect.

**I. Background**

    A. Superseding Indictment

On June 9, 2022, a federal grand jury in the Western District of Virginia's Roanoke Division returned a superseding indictment charging the Defendant with one count of Corruptly Endeavoring to Obstruct or Impede the Administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a) (Count One); one count of Tax Evasion, in violation of 26 U.S.C. § 7201 (Count Two); and

---

[1] At trial, these will be Government Exhibits 91, 92, 93, and 95.

[2] The Government and defense agreed to this advance provision of the exhibit list in keeping with the Court's stated preference that the parties work to identify issues in advance of trial so that the trial itself would not exceed one week. *See generally* Doc. 107; Doc. 108.

[3] The defense agrees that these documents are authentic.

six counts of Filing False Individual Tax Returns, in violation of 26 U.S.C. § 7206(1) (Counts Three through Eight). Doc. 114.[4]

As alleged in the Superseding Indictment, the charges generally relate to 2008 and 2009 employment taxes that the Defendant's business failed to pay. The Defendant then obstructed the IRS's efforts to collect those taxes (Count One), evaded the payment of those taxes (Count Two), and filed false tax returns that reported false losses and omitted any income or losses from his multiple foreign businesses and assets (Counts Three through Eight).

### B. The Divorce Exhibits

In 2012, the Defendant and his now ex-wife, Karen, were divorced. The United States received records pertaining to that divorce and has provided them to the defense in discovery. The Government intends to introduce these records to make the following points: (1) that Jones was ordered to pay his ex-wife a sum of $1,405,376 by the divorce court, (2) that Jones was on notice about his ownership of a high-value collection of classic cars, and (3) that Jones was on notice about his ownership of certain real estate assets.

The United States seeks a Court order ruling that Government Exhibits 91, 92, 93, and 95 are admissible because they are relevant and that their probative value is not substantially outweighed by their prejudicial effect.

**Government Exhibit 91** ("Sealed Attachment 3") is nine (9) pages and consists of the court's factual findings pertaining to the relationship between the Defendant and his now-ex-wife, the dissolution of that relationship, the children born of that relationship, the divorce proceedings, custody and child support, spousal support, assets, monetary award, and attorney's fees. It also

---

[4] The grand jury also charged the Defendant with four other counts which have since been dismissed. Doc. 113. This motion refers to Doc. 114 which is the modified, re-numbered version of the Superseding Indictment.

includes an addendum which consists of the Defendant's objections to the decree. It is dated August 17, 2011. As the exhibit contains a number of findings that are personal in nature to the Defendant and his ex-wife and not relevant to these proceedings, the Government does not intend to present this document in its entirety, but rather, subject to the proposed redactions indicated by a red box outline. *See* Sealed Attachment 3.[5]

**Government Exhibit 92** ("Sealed Attachment 4") is the decree of divorce entered on October 3, 2011. It consists of 12 pages, includes a summary of the court's factual findings, and an order awarding a monetary judgment of $1,405,376 to the former Mrs. Jones for her share of the marital property, as well as orders concerning spousal support and child custody and support. As the exhibit contains a number of findings that are personal in nature to the Defendant and his ex-wife and not relevant to these proceedings, the Government does not intend to present this document in its entirety, but subject to the proposed redactions indicated by a red box outline. *See* Sealed Attachment 4.

**Government Exhibit 93** ("Sealed Attachment 5") is the order of monetary award entered on May 18, 2012. The Defendant signed the order acknowledging that he had seen it. The order required the Defendant to pay his ex-wife a sum of $1,405,376. The Government does not intend to present this document in its entirety, but subject to the proposed redactions indicated by a red box outline. *See* Sealed Attachment 5.

**Government Exhibit 95** ("Sealed Attachment 6") is the order of attorney's fees and costs entered on May 18, 2012. The Defendant was ordered to pay his ex-wife an attorney's fees and costs award of $25,000. The order acknowledged that $10,000 of that award had already been paid and that $15,000 remained outstanding. The Defendant signed the order acknowledging that he had seen

---

[5] Due to the personal nature of the divorce proceedings, the Government moved to file the unredacted version of those proceedings under seal as Attachments 3 through 6 of this Motion. ECF 117.

it. The Government does not intend to present this document in its entirety, but subject to the proposed redactions indicated by a red box outline. *See* Sealed Attachment 6.

## II. Argument

### A. Evidence Related to the Defendant's Divorce is Relevant and the Probative Value is Not Substantially Outweighed by its Prejudicial Effect

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevant evidence is, nevertheless, excludable if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. However, the "mere fact that the evidence will damage the Defendant's case is not enough—the evidence must be *unfairly* prejudicial, and the 'unfair prejudice must *substantially* outweigh the probative value of the evidence.'" *United States v. Hammoud*, 381 F.3d 316, 341 (4th Cir. 2004)(quoting *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998)). Evidence, though it may be relevant, is unfairly prejudicial and excludable when "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and…this risk is disproportionate to the probative value of the offered evidence." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996).

The exhibits the Government seeks to admit are directly probative to the issues at trial. Namely, that the Defendant filed a false 2013 federal income tax return by including (among other false items) fraudulent casualty losses which dramatically reduced his reported taxable income. The Defendant claimed a casualty loss that matched exactly the seven-figure monetary judgment from the divorce decree. The $1,405,376 judgment (that the Defendant fraudulently categorized on his return as "judgement obtained under fraud on the court") was not a legal deduction even had the Defendant paid it—which the Government will prove at trial that he did not.

> **SECTION B—Business and Income-Producing Property**
> **Part I  Casualty or Theft Gain or Loss** (Use a separate Part I for each casualty or theft.)
> 19 Description of properties (show type, location, and date acquired for each property). Use a separate line for each property lost or damaged from the same casualty or theft. See instructions if claiming a loss due to a Ponzi-type investment scheme and Section C is not completed.
> Property A  Lifeline Ambulance Service / James C Jones / fraud/swindle/conspiracy for support
> Property B  Emergency Medical Leasing / Lifeline Ambulance Service / Vehicle Accident of 4-30-2007 / unable to collect
> Property C  Falling Branch Properties, L.L.C / James C Jones Judgement obtained under fraud on the court / false pretenses
> Property D  Levy
>
> |  | A | B | C | D |
> |---|---|---|---|---|
> | 20 Cost or adjusted basis of each property | 151,578 96 | 65,000 | 1,405,376 | 5451 81 |

Source: Excerpt from Defendant's 2013 tax return

Similarly, the court-ordered award of attorney's fees—of which, $15,000 was outstanding as of the date of the divorce decree was entered—is directly relevant to prove Counts 1, 2, and 3 of the Modified Superseding Indictment as another $15,000 casualty loss appeared on the Defendant's 2013 personal income tax return fraudulently categorized as "embezzled funds by bookkeeper."

> **SECTION B—Business and Income-Producing Property**
> **Part I  Casualty or Theft Gain or Loss** (Use a separate Part I for each casualty or theft.)
> 19 Description of properties (show type, location, and date acquired for each property). Use a separate line for each property lost or damaged from the same casualty or theft. See instructions if claiming a loss due to a Ponzi-type investment scheme and Section C is not completed.
> Property A  Lifeline Emergency Vehicles of Virginia - embezzled funds by bookkeeper - GV06004781
> Property B  Lifeline Emergency Vehicles Of Virginia - embezzled funds by bookkeeper - CL08003044-00
> Property C  Emergency Medical Leasing - embezzled funds by bookeeper - CL07002232-00
> Property D  Falling Branch Properties, L.L.C. - embezzled funds by bookkeeper - CL07002158-00
>
> |  | A | B | C | D |
> |---|---|---|---|---|
> | 20 Cost or adjusted basis of each property | 9000 | 15,000 | 69,500 | 337,054 20 |

Source: Excerpt from Defendant's 2013 tax return

Again, the $15,000 attorney's fees that the Defendant was ordered to pay as a result of his divorce was not a legal deduction to take, even had he paid it—which the Government will prove at trial that he did not.

Arguably, divorce records have the potential to inflame the emotions of a jury. For this reason, the Government intends to proffer exhibits that have been heavily redacted to reduce that potential. *See* Sealed Attachments 3 through 6 for proposed redactions (signified by red box outline).

### B. The Findings of the Divorce Court as to Defendant's Assets are Admissible Non-Hearsay Evidence for their Effect on the Listener

The Government also intends to introduce parts of the above-described records that list out certain findings the divorce court made with respect to assets held by the Defendant—specifically, business assets, real estate assets, and a collection of classic cars worth a substantial amount of money. *See* Sealed Attachments 3 and 4. Although out-of-court statements offered to prove the truth of the matter asserted are not generally admissible, "when a party offers an out-of-court statement only to prove its effect on the listener…it does not constitute hearsay." *United States v. Majano*, 747 Fed. Appx. 117, 179 (4th Cir. 2019) citing *United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018).

The Government asserts that the divorce court's findings with respect to the Defendant's assets are not hearsay, in that they are not offered for their truth, but rather for their effect on the Defendant's state of mind. The divorce court's letter containing its findings is dated August 17, 2011 and the divorce decree is dated October 3, 2011. *See* Sealed Attachments 3 and 4, respectively. The divorce proceedings themselves took five years to resolve which means the court based its findings on its assessment of the Defendant's assets during that time frame.

The IRS began its collection action against the Defendant around May 2009 (i.e., when the divorce proceedings were ongoing). During that collection action, the Defendant was not honest with IRS personnel about his ownership of certain assets, for example, a collection of high-value classic cars he owned, but never disclosed. The Defendant only disclosed to the IRS his ownership of two cars, but claimed he did not know their fair market value. *See* Attachment 1.

He had similarly claimed a lack of assets before the divorce court. The divorce court nevertheless found that the Defendant did in fact own such a collection and valued it at just above $1.6 million. The finding was consistent with other statements made by the Defendant that the Government intends to introduce at trial, such as a 2010 Statement of Affairs obtained from his offshore bank located on the Dutch Caribbean island of St. Maarten, in which the Defendant admitted

7

to owning 30 vehicles with a total value of over $1.8 million. (According to the Statement of Affairs, this was a "conservative" estimate.) *See* Attachment 2.

The Government must prove the Defendant acted "willfully" with respect to Counts 2 through 8. Willfulness is the intentional violation of a known legal duty. *Cheek v. United States*, 498 U.S. 192, 200-01 (1991). Faced with the divorce court's findings that he owned a substantial asset, that is, his collection of classic cars, the Defendant was on notice about his ownership. He cannot later claim he was unaware he owned this asset or unaware it was considered an asset that he was obligated to disclose to the IRS during the collection action. Nevertheless, the Defendant did just that; *after* the divorce court's finding, in interviews on December 21, 2012 and February 1, 2013, respectively, the Defendant *still* informed IRS agents (this time criminal investigators, not civil collection officers) that he did not have a car collection.

The Government intends to offer this evidence for the limited purpose of establishing the Defendant's state of mind with respect to proving his intent: he knew the cars were his (and were considered his under U.S. law) and simply lied about their existence to the IRS. The Government suggests the Court read a limiting instruction to ensure that the jury does not consider this evidence for any inadmissible purpose.

### III. Conclusion

Based on the foregoing, the United States respectfully requests that the Court rule that the United States may introduce the evidence pertaining to the Defendant's divorce contained in Sealed Attachments 3 through 6 for the limited purposes described above.

DATE: September 26, 2023

Respectfully submitted,

DAVID A. HUBBERT
DEPUTY ASSISTANT ATTORNEY GENERAL
United States Department of Justice, Tax Division

*/s/ Francesca Bartolomey*
Francesca Bartolomey
Todd Ellinwood
Brian Flanagan
Trial Attorneys

francesca.l.bartolomey@usdoj.gov
todd.a.ellinwood@usdoj.gov
brian.e.flanagan@usdoj.gov

U.S. Department of Justice, Tax Division
Southern Criminal Enforcement Section
150 M St. NE
Washington, DC 20002
Telephone: 202-598-3703

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_____
FRANCESCA L. BARTOLOMEY
Trial Attorney, Tax Division